FILED
COURT OF APPEALS
DIVISION II

2014 SEP -9 PM 9: 22

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHIGNTON, | No. 44876-9-II |
| Respondent, | |
| v. | |
| WILLIAM ALLEN REPP SR., | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — After a bench trial on stipulated facts, the trial court found William Allen Repp Sr. guilty of possession of methamphetamine and obstructing a law enforcement officer. Repp appeals his convictions. First, Repp argues that the trial court erred by finding that there was probable cause to support his arrest for obstructing a law enforcement officer. Repp is incorrect and we affirm the trial court's finding that there was sufficient probable cause for his arrest. Repp also argues that his conviction for obstructing was entered in error because the trial court never made findings that he committed the crime of obstructing a law enforcement officer. The State concedes that the trial court improperly entered a finding that Repp was guilty of obstructing a law enforcement officer. We accept the State's concession and remand for the trial court to vacate Repp's conviction for obstructing a law enforcement officer.

We affirm the methamphetamine possession conviction, reverse the obstructing conviction, and remand to the trial court.

## FACTS

On August 13, 2012, Longview Police Officer Chris Trevino was detaining a suspect in a stolen vehicle investigation. During the procedure, Repp entered the alleyway. He approached the officer while yelling at him. Repp also shined a flashlight at Trevino. Trevino ordered Repp to turn off the flashlight two separate times, and Repp failed to comply. Trevino, distracted by the light, had to decide whether to continue detaining the suspect or to direct his attention to Repp. Trevino disengaged from the suspect and directed his attention to Repp. Trevino approached Repp and placed him under arrest for obstructing a law enforcement officer. After a search incident to arrest, Trevino located a pouch of a white crystalline substance, later determined to be methamphetamine, in Repp's sock.

The State charged Repp with possession of a controlled substance—methamphetamine and obstructing a law enforcement officer. Repp filed a motion to suppress the evidence seized as a result of his arrest because Trevino did not have probable cause to arrest him for obstructing a law enforcement officer. After a hearing, the trial court entered written findings of fact and conclusions of law. The trial court made the following three conclusions:

> 1. Officer Trevino was in the midst of discharging his official duties when he came into contact with [Repp].
> 2. [Repp's] actions did not hinder Officer Trevino's ability to arrest the suspect. Due to presumably enough ambient light, Officer Trevino could see and identify [Repp]. Officer Trevino was not blinded by [Repp's] flashlight; rather he was distracted.
> 3. However, under these circumstances, the fact that Officer Trevino had to decide whether to delay his arrest of his suspect and neutralize [Repp] immediately or to proceed with the arrest of his suspect did in fact delay Officer Trevino in the discharge of his official duties.
> 4. [Repp's] motion to suppress is denied and the evidence is admissible.

Clerk's Papers at 2.

After the trial court denied his motion to suppress, Repp waived his right to a jury trial and proceeded to a bench trial on stipulated facts. The trial court's written findings of fact and conclusions of law state that Repp was guilty of possession of methamphetamine but the findings of fact, conclusions of law, and the verdict do not reference the charge for obstructing a law enforcement officer. However, the judgment and sentence states that Repp was guilty of both possession of methamphetamine and obstructing a law enforcement officer. Repp appeals.

## ANALYSIS

I.    MOTION TO SUPPRESS

Repp argues that the trial court erred by denying his motion to suppress evidence of the search incident to arrest because Trevino lacked probable cause to arrest him. Probable cause to arrest exists where an officer knows of facts and circumstances that would lead a person of reasonable caution to believe that a crime has been or is being committed. *State v. Terrovona*, 105 Wn.2d 632, 643, 716 P.2d 295 (1986). The officer need not possess facts to establish guilt beyond a reasonable doubt in order to meet the standard for probable cause. *State v. Scott*, 93 Wn.2d 7, 11, 604 P.2d 943 (1980).

Under RCW 10.31.100 a law enforcement officer may arrest a person for a misdemeanor or gross misdemeanor without a warrant when the crime is being committed in the officer's presence. "A person is guilty of obstructing a law enforcement officer if the person willfully hinders, delays, or obstructs any law enforcement officer in the discharge of his or her official powers or duties." RCW 9A.76.020(1). Obstructing a law enforcement officer is a gross misdemeanor. RCW 9A.76.020(3).

Repp argues that although his behavior distracted Trevino, a reasonable police officer would not believe that Repp committed a crime. He alleges that because the trial court concluded Trevino could have finished arresting the suspect, even while Repp was shining the light at him, he did not hinder, delay, or obstruct Trevino. But the facts are clear that while arresting a suspect, Trevino was delayed or obstructed when Repp entered the alleyway, yelled at the officer, and illuminated him with a flashlight. Repp distracted Trevino to the point that he disengaged from the arrest of the suspect and had to focus on Repp. Trevino had to determine what role, if any, Repp played in the initial criminal investigation. He posed a possible threat to the officer. Under the standard for establishing probable cause, the trial court did not err by determining that Trevino had probable cause to arrest Repp for obstructing a law enforcement officer. *See Scott*, 93 Wn.2d at 11. Accordingly, the trial court did not err by denying Repp's motion to suppress.

## II.     CONVICTION FOR OBSTRUCTING A LAW ENFORCEMENT OFFICER

Repp also argues that the trial court erred by entering the obstructing a law enforcement officer conviction because there is nothing in the record demonstrating the trial court entered a guilty verdict for this charge. The State concedes that the judgment and sentence improperly includes a conviction for the obstructing a law enforcement officer charge. Because the trial court never entered a verdict finding Repp guilty of obstructing a law enforcement officer, the judgment and sentence is incorrect. Accordingly, we accept the State's concession and remand to the trial court to vacate the obstructing a law enforcement officer conviction.

We affirm the methamphetamine possession conviction (count 1), reverse the obstructing conviction (count 2), and remand to the trial court to remove the obstructing conviction from the judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Hunt, J.

Johanson, C.J.